IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAIZHOU YUANDA INVESTMENT GROUP CO.,
LTD., TAIZHOU YUANDA FURNITURE CO., LTD.,
and TAIZHOU YUANDA TRAVELLING ARTICLES
CO., LTD.,

|  |  |  |
|---|---|---|
| | Plaintiffs, | OPINION and ORDER |
| v. | | 19-cv-875-jdp |

Z OUTDOOR LIVING, LLC, AFG, LLC, CASUAL
PRODUCTS OF AMERICA, LLC, DON CORNING,
ERIN CORNING, KENDRA FARLEY, and PETE HILL,

Defendants.

---

This case arises out of a failed business relationship between the plaintiffs and defendants. A quick review of the complaint reveals a straightforward breach of contract claim: defendants failed to pay plaintiffs money that defendants owed, both from loans and from furniture that plaintiffs provided defendants to sell on behalf of plaintiffs. Plaintiffs also assert claims for unjust enrichment, fraud, and conversion against the parties to the contract and several other related individuals and companies.

Defendants move to dismiss most of plaintiffs' claims for failure to state a claim upon which relief may be granted. Dkt. 17. Defendants don't challenge the breach of contract claims brought by plaintiffs Taizhou Yuanda Furniture Co. and Taizhou Yuanda Investment Group Co. against defendants Z Outdoor Living, LLC and AFG, LLC, who are the parties to the contracts at issue. But defendants contend that the other claims are redundant of the breach of contract claims or involve conduct that isn't actionable under the theories that plaintiffs invoke.

The court largely agrees with defendants. The federal rules allow plaintiffs to plead an unjust enrichment claim as an alternative to a breach of contract claim, so the court will allow that claim to proceed. But both the breach of contract claim and the unjust enrichment claim will be limited to the proper parties. The fraud and conversion claims either relate to statements that don't qualify as misrepresentations under Wisconsin law or are barred by the economic loss doctrine, so the court will dismiss those claims.

BACKGROUND

The following allegations are taken from the complaint or documents attached to it. *See* Fed. R. Civ. P. 10(c).

Taizhou Yuanda Furniture Co. and Taizhou Yuanda Travelling Articles Co. are subsidiaries of Taizhou Yuanda Investment Group Co. All three plaintiffs are based in China. Plaintiffs shorten "Taizhou Yuanda" to "TZY" in their briefs, so the court will do the same. Throughout the complaint, plaintiffs refer to themselves collectively as "TZY," but it appears that most of the allegations relate specifically to TZY Furniture.

Z Outdoor is a Wisconsin-based company that sells outdoor furniture. Z Outdoor's sole member is defendant Casual Products of America, which is also the sole member of defendant AFG, LLC. Defendant Don Corning is the sole member of Casual Products. Defendant Erin Corning is the president of Z Outdoor. Defendant Kendra Farley is the president of AFG. Plaintiffs also allege that Pete Hill is the "part owner" of Z Outdoor and AFG, but that appears to be inconsistent with the allegation that Casual Products is the sole member of those two entities. But the court doesn't need to resolve that inconsistency for the purpose of this opinion.

In 2016, TZY was looking to expand its business into the United States. TZY had multiple discussions with defendants Don Corning and Pete Hill.

In January 2017, TZY Furniture and Z Outdoor entered into what they call the "Cooperation Agreement" for "purposes of manufacturing and marketing outdoor furniture and other related items." *See* Dkt. 10-1. Don Corning signed the agreement on behalf of Z Outdoor.

Under the agreement, TZY Furniture was the exclusive manufacturer for imported furniture sold by Z Outdoor in the United States. Z Outdoor was required to pay TZY for the furniture within 10 days of receiving payment from a customer. TZY Furniture also agreed to loan Z Outdoor $150,000 a month for 24 months to cover Z Outdoor's operating expenses.

The agreement includes references to defendant Casual Products. Specifically, the agreement says that Casual Products "agrees to set up Z Outdoor and manage and operate its affairs subject to the provisions of this agreement" and that Casual Products "shall own 100% of Z Outdoor."

After entering into the agreement, "[d]efendants' payments for the merchandise soon slowed," even though defendants were making sales to customers. The individual defendants made numerous representations that payments would be coming, so plaintiffs continued sending more furniture.

At some point, plaintiffs began filling purchase orders for AFG as well. But AFG also failed to pay for the products it ordered.

In total, defendants have failed to pay for approximately $14 million in merchandise. Z Outdoor has also failed to repay a $2.85 million loan.

ANALYSIS

**A. Breach of contract: Cooperation Agreement**

This claim is brought by all three plaintiffs against Z Outdoor and Casual Products. Plaintiffs say that defendants breached the agreement by failing to repay a $2.85 million loan. Defendants say that TZY Furniture and Z Outdoor are the only proper parties for this claim because the other plaintiffs and defendants weren't parties to the agreement.

Plaintiffs don't challenge the general rule that "only a party to a contract may enforce or challenge it." *Vill. of Slinger v. City of Hartford*, 2002 WI App 187, ¶ 18, 256 Wis. 2d 859, 869, 650 N.W.2d 81, 85.[1] And plaintiffs don't respond to defendants' contention that TZY Investment Group and TZY Traveling Articles don't have the right to enforce the agreement, so the court will dismiss the claim against those two defendants. "[W]hen presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995).

As for TZY Furniture's claim against Casual Products, plaintiffs say that Casual Products is a proper party because Z Outdoor didn't exist at the time that the agreement was signed, citing a provision in the agreement stating that Casual Products "agrees to set up Z Outdoor." But it's not clear what point plaintiffs are making. Neither side is suggesting that Z Outdoor can't be held liable for a breach of contract on the ground that it hadn't been set up

---

[1] Both sides assume that Wisconsin law applies, so the court has done the same. *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002) ("[T]here's no discussion of choice of law issues, and so we apply the law of the forum state.").

yet when the parties signed the agreement. After all, Z Outdoor is named as a defendant on this claim. Plaintiffs can't have it both ways.

Even if Z Outdoor couldn't be held liable, it wouldn't follow that Casual Products could be. Plaintiffs point out that Don Corning, who signed the agreement on behalf of Z Outdoor, is the sole member of Casual Products. But so what? Plaintiffs cite no authority for the view that they are entitled to sue any company owned by the individual who signed the contract.

Plaintiffs cite the provisions stating Casual Products agreed to "set up" Z Outdoor and "manage and operate its affairs subject to the provisions of this agreement." But plaintiffs don't explain why either of those provisions should be interpreted to mean that Casual Products was assuming liability for any breaches by Z Outdoor. If plaintiffs mean to contend that Casual Products was acting as a guarantor of Z Outdoor's debts, they have forfeited that contention by failing to support it. *See Dorris v. Unum Life Ins. Co. of Am.,* 949 F.3d 297, 306 (7th Cir. 2020) (affirming district court's conclusion that party forfeited argument when she provided "no explanation or argument" to support it).

Finally, plaintiffs say that Casual Products and Z Outdoor were "inextricably intertwined" so it would be "a fiction" to treat them as separate entities. Dkt. 28, at 9. But plaintiffs simply ignore the general rule that parent companies may not be held liable for the acts of their subsidiaries. *See Motorola Mobility LLC v. AU Optronics Corp.,* 775 F.3d 816, 820 (7th Cir. 2015) ("[C]orporate formalities should be respected unless one of the recognized justifications for piercing the veil, or otherwise deeming a parent and a subsidiary one, is present."). Wisconsin courts have identified several factors for determining whether it is appropriate to pierce the corporate veil, *see Consumer's Co-op. of Walworth Cty. v. Olsen*, 142 Wis. 2d 465, 484–86, 419 N.W.2d 211, 217 (1988), but plaintiffs don't discuss the Wisconsin

standard, and they don't otherwise cite any authority suggesting that Casual Products may be held liable for any breaches of contract by Z Outdoor under the circumstances of this case.

The court will dismiss TZY Traveling Articles and TZY Investment Group's claim for breach of the Cooperation Agreement against both defendants and TZY Furniture's claim against Casual Products.

## B. Breach of contract: invoices

This claim is brought by all three plaintiffs against Z Outdoor, Casual Products, and AFG. Plaintiffs say that defendants failed to pay millions of dollars in invoices.

Defendants say that the invoices cited in the complaint are all from TZY Investment and each invoice is billed to either Z Outdoor or AFG, so the other plaintiffs' claims should be dismissed, along with TZY Investment's claim against Casual Products. Plaintiffs don't respond to defendants' contention that only TZY Investment has the right to bring this claim, so the court will dismiss the claim of the other two plaintiffs.

Plaintiffs' only response to defendants' argument about the proper defendants is to say that the argument is "misplaced" because plaintiffs brought this claim against Z Outdoor and AFG only. *See* Dkt. 28, at 9–10. That's incorrect: the complaint states that plaintiffs are bringing this claim against Casual Products as well. *See* Dkt. 10, at 11. Regardless, plaintiffs don't explain why Casual Products may be held liable for failing to pay invoices issued to another company, so the court will dismiss the claim against Casual Products.

## C. Unjust enrichment

### 1. Claim against Z Outdoor and AFG

A claim for unjust enrichment has three elements: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant had an appreciation or knowledge of the benefit; and

(3) the defendant accepted or retained the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. *Buckett v. Jante*, 2009 WI App 55, ¶ 9, 316 Wis. 2d 804, 812, 767 N.W.2d 376, 380. Plaintiffs plead the unjust enrichment claim in the alternative to their breach of contract claims, as they are entitled to do under Federal Rule of Civil Procedure 8(d)(2) and (3).

Defendants seek dismissal of the claim under the general principle that the doctrine of unjust enrichment does not apply when the parties have entered into a contract. *See Meyer v. The Laser Vision Inst.*, 2006 WI App 70, ¶ 22, 290 Wis. 2d 764, 779, 714 N.W.2d 223, 230. But that is not a principle of *pleading*. *See Lass v. Bank of Am., N.A.*, 695 F.3d 129, 140 (1st Cir. 2012) ("Although the [defendant] is correct that damages for breach of contract and unjust enrichment are mutually exclusive, it is accepted practice to pursue both theories at the pleading stage."). Until the breach of contract claims are decided, it is premature to decide whether the contract bars the unjust enrichment claim.

Defendants contend that plaintiffs cannot plead an alternative unjust enrichment claim unless plaintiffs plead facts suggesting that the contract is unenforceable or inapplicable. But that contention is inconsistent with the plain language of Rule 8(d)(2), which states: "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." So plaintiffs aren't required to anticipate possible defenses to enforceability that defendants may raise.

Defendants may be correct that the unjust enrichment claims are ultimately unnecessary, but resolving that issue will have to wait for the summary judgment stage. For now, the court will deny defendants' motion to dismiss TZY Furniture and TZY Investment Group's unjust enrichment claim against Z Outdoor and AFG. But the court will dismiss TZY

Traveling Articles' claim because plaintiffs haven't identified a benefit that TZY Traveling Articles conferred on Z Outdoor and AFG.

### 2.  Claim against Casual Products

As discussed above, Casual Products did not have an agreement with any of the plaintiffs, but plaintiffs contend that they conferred two types of benefits on Casual Products. First, plaintiffs say that Casual Products received profits from the other defendants that should have gone to plaintiffs. Dkt 28, at 14. Second, plaintiffs say that Casual Products received the benefits of a "continued ability to do business with its customers" and "increased goodwill" because of its relationship with plaintiffs. *Id.* at 15.

Plaintiffs don't cite any case law for the propositions that: (1) a plaintiff may bring an unjust enrichment claim against a third party who obtained only an indirect benefit from the plaintiff; or (2) "doing business" and "good will" are benefits that can be valued for the purpose of an unjust enrichment claim. But defendants don't challenge the claim on those grounds, so it would be premature to dismiss the claim for those reasons.

Instead, defendants say only that plaintiffs failed to include allegations in their complaint about these alleged benefits. But it is well established that "facts alleged by a plaintiff in a brief in opposition to a motion to dismiss may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint." *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (internal quotation marks omitted). So the court will allow this claim to proceed against TZY Furniture and TZY Investment Group. But, again, plaintiffs don't identify a benefit that TZY Traveling Articles conferred on Casual Products, so the court will dismiss the claim against that defendant.

### D. Fraud in the inducement against Don Corning

Plaintiffs identify three statements by Corning that they say induced them to enter into the Cooperation Agreement with Z Outdoor: (1) Corning had "strong relationships" with other companies that "could secure future sales," Dkt. 10, ¶ 20; (2) a business relationship with Corning "would be profitable" for plaintiffs, *id.*, ¶ 73; and (3) if plaintiffs established their own U.S. operations, "the potential success of such an operation was low," *id.*, ¶ 20.

Defendants contend that none of these statements state a claim for fraud in the inducement under Wisconsin law. Such a claim has several elements, but the court need only discuss two of them: (1) the misrepresentation must be one of fact, not of opinion; and (2) the misrepresentation must be "extraneous to, rather than interwoven with, the contract." *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶¶ 12 and 42, 283 Wis. 2d 555, 569–70, 699 N.W.2d 205, 211.

#### 1.  "Strong relationships"

The first alleged misrepresentation—that Corning had "strong relationships"—has two problems. First, plaintiffs don't identify what was false about this statement. What is it about Corning's relationships with other companies that suggests to plaintiffs that his relationships weren't "strong?" Plaintiffs themselves allege that Corning was "well known amongst the community of manufacturers of outdoor living products in China due to his management of a prior distributor," Dkt. 10, ¶ 16, suggesting that he was an established figure in the industry.

Second, and more fundamentally, plaintiffs don't explain how the court or a jury could evaluate the truth or falsity of a statement that a relationship was "strong." "[A]n exaggeration made by a seller, the truth or falsity of which cannot be precisely determined . . . is not actionable as a misrepresentation of fact." *Loula v. Snap-On Tools Corp.*, 175 Wis. 2d 50, 54,

498 N.W.2d 866, 868 (Ct. App. 1993). Stated another way, a statement is not a factual representation when it is "so vague and indefinite that it amounts to nothing more than mere puffery." *Id.* Wisconsin courts have consistently rejected misrepresentation claims based on vague and subjective statements. *See, e.g., id.* (statement that "all [sales] territories are the same" was too "vague and imprecise" to be actionable); *Consolidated Papers, Inc. v. Dorr–Oliver, Inc.*, 153 Wis.2d 589, 594, 451 N.W.2d 456, 459 (Ct. App.1989) (statement that product would have a "long equipment life" not actionable). *See also Indemnified Capital Investments, SA. v. R.J. O'Brien & Assocs., Inc.*, 12 F.3d 1406, 1412–13 (7th Cir. 1993) (defendant's alleged misrepresentation that he was a "highly successful" trader not actionable); *La Scola v. US Sprint Comm.*, 946 F.2d 559, 568 (7th Cir. 1991) (statements that company executives were "straight shooters" and that company was "ethical and committed to conducting business in accordance with the law" were "too general and difficult to substantiate to be considered statements of fact"). A statement that someone has "strong relationships" is similarly vague and subjective, so it cannot serve as the basis of a misrepresentation claim.

### 2. Relationship "would be profitable"

Defendants contend that the second alleged misrepresentation—that a relationship between plaintiffs and TZY "would be profitable"—fails under the longstanding rule that a misrepresentation claim must relate to "present, existing, or past facts, and not to the mere nonperformance of a promise to do something in the future." *Brown v. Johnson*, 115 Wis. 430, 91 N.W. 1016, 1019 (1902). In response, plaintiffs rely on an exception to the general rule: "the 'pre-existing fact' rule does not apply where the promissor has a present intention not to perform." *Hartwig v. Bitter*, 29 Wis. 2d 653, 658, 139 N.W.2d 644, 647 (1966). Plaintiffs contend that the exception applies because "Corning knew that he would breach the

10

agreements when he made th[e] statement, making the representation of profitability objectively false." Dkt. 28, at 18.

Regardless whether Corning had an intent not to perform, a representation that induces a party to enter into a contract must be "extraneous" to the contract under the economic loss doctrine. *Kaloti Enterprises*, 2005 WI 111, at ¶ 42. "Misrepresentations that relate to the breaching party's performance of the contract are interwoven with the contract and do not give rise to an independent cause of action in tort." *Id.*, ¶ 43 (alterations and internal quotation marks omitted). That is exactly what plaintiffs are alleging: Corning committed fraud because he had no intention to perform the contract when he entered into it. The Wisconsin Supreme Court has determined that contract law adequately protects against such a risk, so plaintiffs may not proceed on a fraud claim based on this statement.

### 3.   "Potential success" of a U.S. operation "was low"

The last alleged misrepresentation by Corning is that plaintiffs would be unlikely to have success if they tried to expand their operations into the U.S. on their own. Plaintiffs don't respond to defendants' arguments about this statement, so the court concludes that plaintiffs have abandoned this part of their fraud claim. In any event, this is a classic example of a representation about future events that cannot be the basis of a fraud claim. Plaintiffs identify no way of determining whether that statement was true or false.

None of the three alleged statements made by Corning are actionable misrepresentations, so the court will dismiss plaintiffs' fraud in the inducement claim against Corning. This makes it unnecessary to consider defendants' alternative contention that plaintiffs failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

**E.  Fraud against Z Outdoor, AFG, Don Corning, Erin Corning, Kendra Farley, and Pete Hill**

Plaintiffs also allege that defendants made numerous untrue statements after Z Outdoor and TZY Furniture entered into the Cooperation Agreement, all involving promises to pay what they owed under the agreement. But, as discussed above, fraud claims based on a failure to perform on a contract are barred by the economic loss doctrine. *Kaloti Enterprises*, 2005 WI 111, at ¶ 43. After all, that is exactly what the contract is for: to provide a legal basis for enforcing compliance when a party fails to fulfill its promises.

Plaintiffs contend that the economic loss doctrine doesn't apply because they are alleging that defendants' misrepresentations induced them to continue sending furniture to defendants that plaintiffs otherwise would not have sent. Essentially, they are again contending that the fraud-in-the-inducement exception to the economic loss doctrine should apply. But, again, that exception applies only when the alleged fraud is extraneous to the contract. It doesn't apply when the misrepresentation relates to performance of the contract itself, as these misrepresentations do.

Plaintiffs also say that they suffered "substantial noneconomic losses that were not the result of Defendants' failure to live up to the expectations under the contract. Because of [defendants'] misrepresentations, TZY was forced to purchase materials that it would otherwise not have purchased absent Defendants' misrepresentations." Dkt. 28, at 23. But plaintiffs don't explain why those losses are "noneconomic," which Wisconsin courts have generally defined as "personal injury or damage to property other than the product itself." *Wausau Tile, Inc. v. Cty. Concrete Corp.*, 226 Wis. 2d 235, 247, 593 N.W.2d 445, 451 (1999).

Plaintiffs are simply saying that they would have not provided the furniture to defendants if plaintiffs had known that defendants weren't going to pay for the furniture. That is nothing but a breach of contract claim: plaintiffs didn't receive the benefit of their bargain. Their complaint confirms this by alleging that defendants' misrepresentations caused more than $9 million in damages from "unpaid merchandise," Dkt. 10, ¶ 82, which are the same damages for the alleged breaches of contract. Plaintiffs can't convert a contract claim into a tort claim simply by alleging that they wouldn't have entered into the contract if they had known that defendants weren't going to keep their promises. Contract law adequately protects that type of loss.

The court will dismiss the fraud claims against all defendants.

## F. Conversion

The tort of conversion requires the plaintiff to show that the defendant intentionally controlled or took property belonging to the plaintiff, without consent, and that the defendant seriously interfered with the rights of the plaintiff to possess the property. *H.A. Friend & Co. v. Prof'l Stationery, Inc.*, 2006 WI App 141, ¶ 11, 294 Wis. 2d 754, 763, 720 N.W.2d 96, 100. Plaintiffs contend that defendants committed the tort of conversion by "wrongfully assum[ing] and retain[ing] control over approximately $16.61 million paid by customers for products manufactured and delivered by TZY." Dkt. 10, ¶ 90.

This is another redundant claim. Plaintiffs again are contending that defendants violated the law by failing to pay for their products as promised. This court has applied the economic loss doctrine to conversion claims when they relate to risks that are protected by contract law. *See, e.g.*, *Piano Gallery Madison, LLC v. Create Music, LLC*, No. 17-cv-713-jdp, 2018

WL 3475474, at *3 (W.D. Wis. July 19, 2018); *Brainstorm Interactive, Inc. v. Sch. Specialty, Inc.*, No. 14-cv-50-wmc, 2014 WL 6893881, at *14–15 (W.D. Wis. Dec. 5, 2014).

Plaintiffs don't identify any reasons for allowing the conversion claim to proceed. They say only that the economic loss doctrine doesn't apply to the conversion claim "for all the reasons addressed" in the context of their fraud claims. Dkt. 28, at 23. Because the court has rejected those reasons, the conversion claim fails as well.

### G. Conclusion

The allegations in the complaint state a claim for breach of contract, and, in the alternative, for unjust enrichment. But plaintiffs have unnecessarily complicated this case by including redundant legal theories and improper parties. The case will proceed on claims by TZY Furniture and TZY Investment against Z Outdoor and AFG for breach of contract and against Z Outdoor, AFG, and Casual Products for unjust enrichment. All other claims and parties are dismissed.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 17, is GRANTED in part and DENIED in part. The motion is DENIED as to TZY Furniture and TZY Investment Group's unjust enrichment claim against Z Outdoor, AFG, and Casual Products.

2. Defendants' motion is GRANTED as to the following claims:

   a. TZY Investment Group and TZY Travelling Articles' claim for breach of the Cooperation Agreement against all defendants;

   b. TZY Furniture's claim for breach of the Cooperation Agreement against Casual Products;

   c. TZY Furniture and TZY Travelling Articles' claim for breach of the invoices against all defendants;

    d.   TZY Investment Group's claim for breach of the invoices against Casual Products;

    e.   TZY Traveling Articles' unjust enrichment claim against all defendants;

    f.   All of the plaintiffs' fraud claims against all defendants; and

    g.   All of the plaintiffs' conversion claims against all defendants.

3.  Defendants Don Corning, Erin Corning, Kendra Farley, and Pete Hill are DISMISSED from the case.

Entered June 2, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge