IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAIZHOU YUANDA INVESTMENT GROUP CO.,
LTD., and TAIZHOU YUANDA FURNITURE CO.,
LTD.,

                                    Plaintiffs,                          OPINION and ORDER

    v.

                                                                    19-cv-875-jdp

Z OUTDOOR LIVING, LLC, AFG, LLC, and CASUAL
PRODUCTS OF AMERICA, LLC,

                                    Defendants.

---

At its heart, this case involves a breach of contract claim involving the failure to pay for imported patio furniture. Plaintiffs say something more nefarious is afoot, essentially that defendants are operating an ongoing criminal conspiracy to steal from Chinese manufacturers.

Plaintiffs are two affiliated Chinese companies that make outdoor furniture, Taizhou Yuanda Furniture Co. and Taizhou Yuanda Investment Group Co. The court will follow the parties' practice and refer to plaintiffs collectively as TZY. Defendants are three affiliated companies that sell outdoor furniture in the United States. TZY contracted with defendants Z Outdoor Living and AFG to sell TZY's furniture. TZY alleges that Z Outdoor and AFG failed to pay for the furniture that it supplied and failed to repay loans that they received from TZY. TZY also alleges that defendant Casual Products of America, which is the sole member of the other defendants, was unjustly enriched.

TZY had previously alleged some fraud claims and conversion claims, but the court dismissed those. Dkt. 47. While the court was working through the fraud and conversion claims, TZY was at work on an even more elaborate theory of the case.

TZY now seeks leave to file a third amended complaint under Federal Rule of Civil Procedure 15. Dkt. 50. TZY's proposed amended complaint is 85 pages long and includes several new defendants and many new claims, including claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), RICO's state-law counterpart, and state laws against fraudulent conveyances, misappropriation, theft, and breach of fiduciary duty. The court will mostly deny TZY's motion because TZY waited too long to seek leave to amend and the amendment would cause unfair prejudice because it would require that the case be rescheduled. The court will allow TZY to proceed on the fraudulent conveyance claim, Count X.

Also before the court is TZY's motion to dismiss defendants' counterclaim for breach of the duty of good faith and fair dealing. Dkt. 54. TZY didn't breach the duty of good faith by starting its own companies that competed with defendants in the United States, so the court will dismiss that aspect of defendants' claim. But the court will allow defendants to proceed on a claim that TZY violated its duty by failing to make timely deliveries and provide quality products.

ANALYSIS

A. Leave to amend

TZY seeks leave to amend under Federal Rule of Civil Procedure 15. "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, . . . undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). In this case, there is both undue delay and unfair prejudice: TZY waited nine months to seek leave to amend, and granting leave now would require significant changes to the schedule.

TZY third amended complaint is now dressed in RICO garb, but it is really just a more elaborate presentation of the already-dismissed fraud claims. The essential allegations are that defendants entered contracts with TZY, but never intended to comply. When they fell behind in payments, defendants and their owners promised to catch up, but didn't really intend to. And they've done it before, so now it's a criminal enterprise.

TZY says that it couldn't amend its complaint sooner because it needed to first acquire two types of information to support the new claims: (1) defendants' litigation history, which shows that defendants had been engaging in a similar pattern of conduct for years; and (2) defendants' bank records, which show that defendants were fraudulently transferring money to avoid required payments to TZY. The court will assume that both types of information are relevant to TZY's proposed new claims, but this assumption doesn't help TZY because TZY fails to explain how any need for the information caused such a lengthy delay in seeking leave to amend.

As for defendants' history of litigation, that is publicly available information, so TZY didn't need to conduct discovery to obtain it. This history of litigation is the centerpiece of TZY's criminal enterprise claims, because it shows defendants' "fraud format." TZY gives no reason why it couldn't have pleaded these claims much earlier, when it first pleaded the fraud claims. TZY's delay has wasted the court's time, and allowing TZY to so radically amend its complaint would greatly disadvantage defendants by essentially starting the case over.

As for defendants' bank records, TZY acknowledges in its reply brief that it waited more than a month and a half after the preliminary pretrial conference before requesting those records, and that it acquired the records three months before it sought leave to amend. Dkt. 59, at 3. TZY's only excuse for the three-month delay is in a footnote, in which it says that

3

going through the records was a "time-consuming exercise that Plaintiffs undertook diligently and expeditiously." *Id.* at 3 n.1. But TZY is represented by two law firms of a substantial size and at least four lawyers, so its conclusory statement isn't persuasive. TZY also says that it obtained additional bank records three weeks before filing its proposed amended complaint, but it doesn't allege either that it was unable to obtain those records sooner, nor does it explain why it needed those records specifically to file its proposed amended complaint.

Allowing TZY to proceed under its Third Amended Complaint now would upend the case schedule, and thereby unfairly prejudice defendants. TZY's current claims are limited to breach of contract and unjust enrichment against three defendants, but the proposed amendments would be a massive addition to the case, bringing in many new claims and new defendants. The parties have already obtained an extension of the dispositive motions deadline from November 2 to December 4. *See* Dkt. 62. TZY acknowledges that "larger-scale amendments to the case schedule may be necessary" if the court grants leave to amend. *Id.* at 2. The court would not strike the entire schedule and hit the reset button in the absence of truly extraordinary circumstances, which TZY hasn't shown.

However, the court will allow TZY to proceed on Count X, the fraudulent conveyance claim. Discovery of defendants' bank records was necessary before TZY could allege that that Z Outdoor and AFG executed transfers designed to prevent TZY from collecting the amounts owed to it. TZY didn't move as promptly as it might have in pleading this claim, but allowing TZY to proceed on this claim would not require a wholesale restart of the case. If the defendant companies have indeed spirited away their assets, TZY would be left with no effective remedy even if it prevailed in its breach of contract action. Calling on defendants to defend this claim

4

would not impose undue prejudice. The court concludes that it is in the interests of justice to allow TZY to proceed on Count X.

The court will otherwise deny TZY's motion for leave to amend its complaint.

**B. Counterclaim for breach of the duty of good faith and fair dealing**

Wisconsin recognizes an implied duty of good faith and fair dealing in every contract. *Home Valu, Inc. v. Pep Boys—Manny, Moe and Jack of Del., Inc.*, 213 F.3d 960, 965–66 (7th Cir. 2000). Courts have described this duty in different ways. One commonly cited description is in *Foseid v. State Bank of Cross Plains*, 197 Wis. 2d 772, 541 N.W.2d 203, 213 (Ct. App. 1995), which provided several examples of a violation of the duty: "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." The Court of Appeals for the Seventh Circuit has described the duty as "halfway between a fiduciary duty (the duty of utmost good faith) and the duty merely to refrain from active fraud." *Mkt. St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 595 (7th Cir. 1991). A party may violate the duty even if all the terms of the contract have been fulfilled, *Foseid*, 541 N.W.2d at 213, but the implied covenant cannot override the express terms of a contract, *Wis. Natural Gas Co. v. Gabe's Constr. Co.*, 220 Wis.2d 14, 582 N.W.2d 118, 121 (1998).

In this case, defendants say that TZY breached its duty of good faith contained in (1) the Cooperation Agreement between TZY Furniture and Z Outdoor; and (2) the purchase orders and invoices between TZY and Z Outdoor and AFG. Defendants contend that TZY violated its duty of good faith under both types of agreements by "setting up a competitive enterprise in the United States with which to directly compete with Z Outdoor and AFG, and which caused TZY Furniture to focus on this other U.S. company and fail to timely deliver

5

non-defective products to Z Outdoor, AFG, and their respective U.S. retail customers." Dkt. 49, ¶ 45. Thus, defendants' bad faith claim appears to have two parts: (1) TZY set up companies in the United States to compete with defendants; and (2) TZY failed to deliver products on time and of good quality.

TZY's brief in support of its motion to dismiss focuses only on the first allegation. TZY says nothing about defendants' allegations of untimely delivery and poor-quality products, so the court will deny TZY's motion to dismiss that part of defendants' claim. As for the allegation that TZY set up competing companies, neither side explains what those companies were or how they competed with defendants. As TZY points out, the Cooperation Agreement allowed it to set up its own business. The agreement includes an exclusivity provision, but that provision says only that "TZY shall be the exclusive Chinese factory for the manufacture" of defendants' products. Dkt. 10-1, § 3.A. The agreement doesn't require TZY to work exclusively with defendants in the United States.

TZY relies on *Market Street* for the proposition that the duty of good faith is meant to cover situations that weren't anticipated at the time of formation. 941 F.2d at 596–97 ("Good faith is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties." (internal quotation marks omitted)). *See also Home Valu*, 213 F.3d at 966 ("[T]he duty of good faith is meant to give the parties what they would have stipulated for at the time of contracting if they could have foreseen all future problems of performance." (internal quotation marks omitted)). TZY says that the Cooperation Agreement shows that the parties considered the scope of the exclusivity provision and chose not to require TZY to deal with defendants exclusively, so defendants can't bring a claim for breach of the

6

duty of good faith based on any decision by TZY to start a company in the United States that might compete with defendants.

Defendants don't directly respond to TZY's argument or acknowledge the authority it cites. Instead, defendants contend that TZY has "misconstrued" their claim:

> Counterclaimants are not asserting that TZY Furniture was bound by an exclusivity provision or required to only manufacture product for Z Outdoor and its affiliates. Instead, Z Outdoor and AFG are alleging that the TZY entities breached their duty of good faith and fair dealing by secretly setting up a competitive enterprise which resulted in "persistent late deliveries by TZY Furniture . . . of product to the customers of Z Outdoor and AFG," and "caused the U.S. retailers to terminate their business relationships with Z Outdoor and AFG," and by devoting the resources of the TZY entities to supplying their American affiliate rather than timely providing non-defective product to Z Outdoor and AFG.

Dkt. 60, at 10–11. Defendants concede in this passage that TZY didn't breach its duty of good faith merely by setting up a competing company. Defendants don't allege that they were directly harmed by competition with TZY's company, but instead allege that TZY's focus on its own company led to late deliveries and low-quality products. So it is the late deliveries and low-quality products that provide a basis for a bad-faith claim, not the decision to compete with defendants. Accordingly, the court will dismiss defendants' claim that TZY breached its duty of good faith by setting up competing companies.

ORDER

IT IS ORDERED that:

1. The motion filed by plaintiffs Taizhou Yuanda Furniture Co. and Taizhou Yuanda Investment Group Co for leave to amend their complaint, Dkt. 50, is GRANTED with respect to Count X for fraudulent conveyance, and otherwise DENIED.

2. Plaintiffs' motion to dismiss defendants' counterclaim for breach of the duty of good faith, Dkt. 54 is GRANTED as to defendants claim that plaintiffs breached the duty by setting up companies that competed with defendants. The motion is DENIED as to defendants' counterclaim that plaintiffs breached the duty by failing to make timely deliveries and provide quality products.

Entered October 5, 2020.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge